1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9   ALBERT MEDINA,

10          Petitioner,                                    Case No. 2:09-CV-01331-GMN-(GWF)

11   vs.                                                   **ORDER**

12   BRIAN E. WILLIAMS, SR., et al.,

13          Respondents.

14

15          Petitioner has submitted a first amended petition (#18).  The court has reviewed it

16   pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

17   Petitioner's claims of ineffective assistance of counsel are without merit on their face, but the court

18   will give petitioner the opportunity to file a second amended petition to correct the defects.

19          After a jury trial in the Eighth Judicial District Court of the State of Nevada,

20   petitioner was convicted of five counts of sexual assault of a victim 65 years or older, one count of

21   battery with intent to commit a crime with the victim 65 years or older, and one count of first-degree

22   kidnaping of a victim 65 years or older.  Ex. 26 (#22).  Petitioner appealed, and the Nevada

23   Supreme Court affirmed.  Ex. 40 (#22).  Petitioner then filed in state court a post-conviction habeas

24   corpus petition and supporting memorandum.  Ex. 43, 45 (#23).  The district court denied the

25   petition.  Ex. 52 (#23).  Petitioner appealed, and the Nevada Supreme Court affirmed.  Ex. 60 (#23).

26          Ground 3 contains claims of ineffective assistance of counsel.  A petitioner claiming

27   ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation

28   "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688

1  (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is
2  a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
3  would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective
4  assistance claim to approach the inquiry in the same order or even to address both components of
5  the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

6          In ground 3A, petitioner claims that trial counsel pressured him to testify, and he did
7  testify, even though he did not want to testify because his prior convictions would be introduced into
8  evidence. This claim is vague and conclusory because petitioner does not allege how counsel
9  pressured him into testifying. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649
10  (9th Cir. 1984). The court has examined the trial transcript for any signs of pressure. To the
11  contrary, the trial court admonished petitioner about his right to remain silent, his right to testify,
12  and the prosecution's right to ask him about any prior convictions that fit within a specified time
13  frame. Ex. 20, p. 120-23 (#21). The trial court and the parties then discussed at length, twice, about
14  which convictions the prosecution could ask. Id., pp. 123-35, 173-85 (#21). If, after all that,
15  petitioner still felt pressured by counsel to testify, then that pressure was extraordinary. Petitioner
16  needs to allege what the pressure was.

17          In ground 3B, petitioner claims that appellate counsel provided ineffective assistance
18  because appellate counsel failed "to raise viable issues on his behalf." First Amended Petition, p. 12
19  (#18). This claim is too vague and conclusory because petitioner does not allege what those viable
20  issues are. Again, the court has examined the record to see if there are any viable issues. In his state
21  habeas corpus petition, petitioner alleged ten issues that appellate counsel did not raise. Ex. 43
22  (#23). However, some of those issues are obviously without merit. For example, petitioner argued
23  that appellate counsel should have raised claims of ineffective assistance of trial counsel. The
24  Nevada Supreme Court noted when it affirmed the denial of the state habeas corpus petition that
25  claims of ineffective assistance of counsel should be raised in post-conviction proceedings. Ex. 60,
26  p. 12 (#23) (citing Feazell v. State, 906 P.2d 727 (Nev. 1995). Therefore, Petitioner needs to allege
27  what specific issues counsel should have raised on direct appeal and how he suffered prejudice by
28  the failure of appellate counsel to raise those issues.

-2-

1    IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days of entry of

2 this order to file an amended petition to correct the noted deficiencies.  Failure to comply with this

3 order will result in the dismissal of ground 3 from this action.

4    DATED: *June 4th 2010*

5

6

7                  GLORIA M. NAVARRO
                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28