# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALBERT MEDINA,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:09-CV-01331-GMN-(GWF)

**ORDER**

       Before the court are the Second Amended Petition for Writ of Habeas Corpus (#30), Respondents' Motion to Dismiss (#36), Petitioner's Opposition (#39), and Respondents' Reply (#41). The court finds that Petitioner has exhausted his available state-court remedies, that additional exhibits presented to this court do not render the relevant ground for relief unexhausted, and the court denies the motion.

       Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). "[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994) (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)).

       Ground 3 is the ground at issue in the motion to dismiss (#36). In ground 3(a), Petitioner claims that trial counsel provided ineffective assistance by pressuring Petitioner to testify despite Petitioner's desire to remain silent. Petitioner raised this claim in ground 6 of his state habeas corpus petition. See Ex. 43, p. 141 (#23). Petitioner provided this court with copies of two letters to counsel, in which he expressed reservations about testifying. Ex. 13, 17 (#19). Petitioner did not present copies of these letters to the state courts. In ground 3(b), Petitioner claims that

appellate counsel provided ineffective assistance because appellate counsel would not consult and discuss the appeal with Petitioner. Petitioner raised similar claims in grounds 4 and 5 of his state habeas corpus petition. See Ex. 43, pp. 70-140 (#23). Petitioner provided this court with copies of letters to appellate counsel. In those letters, Petitioner mentioned issues that he wanted appellate counsel to raise and also complained that appellate counsel had not raised those issues in the appellate brief. Ex. 29, 35, 36 (#22). Petitioner did not present copies of these letters to the state courts.[1]

These exhibits do not fundamentally change the claims that the state courts have already considered. See Chacon, 36 F.3d at 1468. The legal claims remain the same as the claims that Petitioner presented to the state courts. Petitioner has simply provided this court with additional factual support.

Respondents' argument that Vasquez and Chacon are no longer good law is due to a confusion between the doctrine of exhaustion and the requirements of 28 U.S.C. § 2254(e)(2), which came into effect in 1996 and which limits the court's ability to conduct an evidentiary hearing or to expand the record. See Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005). The exhaustion requirement of § 2254(b) and the restrictions of § 2254(e)(2) are separate. In Petitioner's case, the additional evidence that he presented to this court does not run afoul of the exhaustion requirement. Whether Petitioner can satisfy the requirements of § 2254(e)(2) is a question that the court will consider, if necessary, when it considers the merits of Petitioner's claims.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#36) is **DENIED**.

IT IS FURTHER ORDERED that Respondents shall have forty-five (45) days from the date of entry of this order to file an answer, which shall comply with Rule 5 of the Rules

---

[1] Respondents incorrectly argue that Petitioner did not present to the state court letters that are currently Exhibits 28 and 31. Petitioner has shown that he did present those letters to the state court as Exhibits 16 and 17 of his state habeas corpus petition. See Ex. 43 (#23).

1  Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five
2  (45) days from the date on which the answer is served to file a reply.
3         DATED this 18th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge